UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

  Plaintiff,

 v.

EDWARD L. FLETCHER, JR.

  Defendant.

Case No. 4:09-cr-40043-JPG-1

## MEMORANDUM AND ORDER

  This matter comes before the Court on consideration of defendant Edward Fletcher Jr.'s prospects for a reduction of his criminal sentence pursuant to 18 U.S.C. § 3582(c)(2) and the United States Sentencing Guidelines Manual ("U.S.S.G.") § 1B1.10. (ECF No. 45.) Counsel, who this Court appointed to represent the defendant, has moved to withdraw on the basis that she cannot make a non-frivolous argument in support of a request for reduction. (ECF No. 65.) *See Anders v. California*, 386 U.S. 738, 744 (1967). The defendant has not responded to that motion.

  The defendant pled guilty to one count of possession with intent to distribute cocaine base. At sentencing, the Court found that Fletcher was a career offender pursuant to U.S.S.G. § 4B1.1, which resulted in a base offense level of 37. The Court then imposed a sentence of 262 months for the offense.

  The defendant then filed a pro se motion asking this Court to apply the changes to U.S.S.G. § 2D1.1 to lower his sentence. Amendment 750 amended U.S.S.G. § 2D1.1(c) as of November 1, 2011, to lower some base offense levels associated with various amounts of crack cocaine. The relevant parts of Amendment 750 are retroactive. *See* U.S.S.G. § 1B1.10(c) (2011).

  Section 3582(c)(2) allows the Court to reduce a defendant's previously imposed sentence

1

where "a defendant…has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)…." In doing so, the Court must consider the factors set forth in 18 U.S.C. § 3553(a) and must ensure that any reduction "is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Thus, a defendant urging a sentence reduction under § 3582(c)(2) must satisfy two criteria: (1) the Sentencing Commission must have lowered the applicable guideline sentencing range, and (2) the reduction must be consistent with applicable policy statements issued by the Sentencing Commission. If an amendment does not lower the defendant's applicable guideline range, the Court cannot grant a sentence reduction. *United States v. Taylor,* 778 F.3d 667, 672 (7th Cir. 2015).

The Court cannot grant a reduction for the defendant because the defendant was not "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." 18 U.S.C. § 3582(c)(2). The defendant was sentenced under the career offender guidelines. The Seventh Circuit has ruled that the 2011 crack cocaine retroactivity amendment and the 2014 drug amendment do not apply to sentences imposed pursuant to the career offender guidelines because the career offender base offense levels are set forth in U.S.S.G. § 4B1.1, not the base offense levels amended and set forth in U.S.S.G. § 2D1.1. *See United States v. Williams*, 694 F.3d 917, 918 (7th Cir. 2012) (reiterating that the crack cocaine retroactivity amendments provide "no benefit to career offenders"); *see also United States v. Hearn*, No. 3:06-CR-30040, 2016 WL 452130, at *5 (C.D. Ill. Feb. 5, 2016) (holding that the 2014 drug amendment does not apply to career offenders); *United States v. Daniels*, No. 08-CR-30185-NJR, 2015 WL 1228904, at *2 (S.D. Ill. Mar. 16, 2015).

Because the defendant cannot satisfy the first criterion under 18 U.S.C. § 3582(c)(2) for

2

obtaining a sentence reduction, the Court cannot reduce his sentence by virtue of the amendments and therefore **DENIES** his motion for retroactive application of the sentencing guidelines to crack cocaine offenses. (ECF No. 45.) *See Taylor*, 778 F.3d at 672. The Court **GRANTS** counsel's motion to withdraw (ECF No. 65) and **ORDERS** that counsel is **WITHDRAWN** from this case. The Clerk of the U.S. District Court is hereby **DIRECTED** to mail a copy of this order to defendant Edward L. Fletcher Jr., Reg. No. 08222-025, FCI TALLADEGA FEDERAL CORRECTIONAL INSTITUTION, P.M.B 1000, TALLADEGA, AL 35160.

**IT IS SO ORDERED.**

**DATED: FEBRUARY 6, 2019**

            *s/ J. Phil Gilbert*
            **J. PHIL GILBERT**
            **DISTRICT JUDGE**